JOHN W. GREENE, Judge Pro Tem.
Plaintiffs filed suit seeking rescission and damages incurred as a result of a crack which developed in the concrete slab in their home. The original defendants were plaintiff’s vendors, Wayne and Linda Forest and the contractor, the Clesi Corporation. Suit was dismissed against the vendors leaving Clesi Corporation, which constructed the home, as the only defendant.
After a trial on the merits, judgment was rendered in favor of plaintiffs against defendant, the Clesi Corporation, in the amount of $45,000.00. The trial court found that the slab cracked because it had been erected on improperly draining soil. Defendant appealed.
In its first specification of error, defendant contends that the trial court erred since there was no evidence to support the court’s finding that when the defendant constructed the slab, it was erected on improperly draining soil.
The record establishes that defendant completed the construction of a home for Wayne and Linda Forest on June 30, 1975. Mr. and Mrs. Forest sold this home to the plaintiffs on July 27, 1978. In July, 1981, six years after the house was built, plaintiffs noticed that doors were jamming and sheetrock was cracking in part of the house. A crack also appeared in the brick veneer on the outside of their home. The cause of these problems was determined to be a crack in the slab.
We find that the record supports the trial court’s finding that the crack in this slab was caused by improperly draining soil. However, the defendant contends that plaintiffs did not prove that the soil around the slab was improperly draining when defendant got through constructing the house on June 30, 1975. Defendant feels that any improper drainage causing this slab to crack occurred after the construction was completed and defendant lost control of this property. We agree.
It is well established that a trial court will not be reversed on a factual finding unless the record establishes that finding to be clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (1978).
The record is almost completely devoid of evidence establishing that the inadequate drainage causing the slab to crack was in existence when the defendant contractor completed construction of this house and presented it to Mr. and Mrs. Forest. Wayne Forest testified that from the time he accepted the residence on June 30, 1975 until he sold it to plaintiffs on July 27, 1978, he did not experience any drainage problems. He testified in detail as to how different parts of his property drained adequately. In particular, he testified that when he originally bought this house he had trouble with his mud washing off toward the back of his property and, in fact, had to put a piece of board down to keep from losing his yard and grass. He further testified that the side of the house in question drained well. It never really had a problem and drained toward the street *1338 according to this witness. He further testified that at no time did he ever call his contractor to complain about any drainage problems. In May, 1983, the area in which he lived flooded. He observed the flooding process, testifying that the water drained from his house but backed up from the street to flood his house. Mr. Francis Cle-si, owner of defendant corporation, testified that after he completed construction of the house, he leveled the yard with drainage in mind, using a transit to determine the proper grade.
The only testimony in the entire record concerning this property to be low was given by a neighbor, John Miller, and the original owner, Wayne Forest. Mr. Miller testified as follows:
Q. Your observations of your property, Mr. Brack’s property and the property in the rear of the three pieces of land, which one do you observe to be lower, the lowest of the three?
A. It would have to be Mr. Brack’s property.
Mr. Forest testified as follows:
Q. From June 30th, ’75 when ya’ll accepted the building contract until July 27th of ’78 when ya’ll sold to the Bracks, did you ever experience any drainage problems of water particularly with reference to accumulation of water on the right side and the right rear side of your lot?
A. There was a very minor little up in the front right hand corner between the house closest to the levee and my house that there was some condensation coming out the air conditioning and it was draining and it formed a little puddle and I took a shovel and made a little line and it wasn’t even enough water to make it out to the street. It just kind of dissipated through the heat and all.
The testimony of Mr. Miller is very vague and contains no dates. The testimony of Mr. Forest shows that the condensation from the air condition drain was really no problem. This testimony does not establish that subject property had inadequate drainage on June 30, 1975, when the defendant completed construction of this house. Therefore, the trial court erred in finding that the record supports that the inadequate drainage which caused the crack in the slab was caused by the defendant contractor. In light of this determination, we do not treat appellant’s other specifications of error.
For these reasons, the judgment of the trial court is reversed with the cost of appeal assessed to plaintiffs.
REVERSED.